UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KATHLEEN A. BRANDNER | CIVIL ACTION |
| VERSUS | NO: 10-3242 |
| ABBOTT LABORATORIES, INC., ET AL. | SECTION: R(3) |

**ORDER AND REASONS**

Defendant Abbott Laboratories, Inc. moves for judgment on the pleadings with respect to plaintiff Kathleen Brandner's claim for injunctive relief.[1]  Because Brandner's second supplemental and amending class action complaint lacks allegations sufficient to give her standing to seek injunctive relief, the Court GRANTS Abbott's motion.

I.   BACKGROUND

Kathleen Brandner filed this suit against defendant Abbott Laboratories in connection with Abbott's September 2010 recall of Similac brand infant formula.  On September 22, 2010, Abbott announced a nationwide recall of all Similac powdered infant formula produced at a facility where beetles were observed in a

---

    [1]   R. Doc. 91.  Defendants also filed a motion for judgment on the pleadings with respect to the implied warranty claim in Case No. 11-011 (the O'Neil plaintiffs).  Because the Court granted the O'Neil plaintiffs' motion to dismiss No. 11-011 without prejudice, see R. Doc. 124, this motion is now moot.

batch of finished product.[2] Brandner asserts that since April 2010, she purchased, and her child consumed, Similac that was part of the product recall.[3] Brandner contends that during this period her child suffered gastrointestinal problems consistent with ingesting the recalled products and that before April 2010 the child had not suffered from similar symptoms.[4] Brandner further contends that the child's symptoms required numerous visits to a physician and that she experienced severe emotional distress upon learning she had fed her child infant formula containing beetles and beetle larvae.[5] Brandner asserts claims against Abbott for (1) violation of the Louisiana Products Liability Act, La. Rev. Stat. §§ 9:2800.51, *et seq.*, for unreasonably dangerous construction and composition and inadequate warning; (2) the Louisiana Civil Code articles on redhibition, La. Civ. Code arts. 2520, *et seq.*; and (3) *actio de in rem verso*.[6] On July 26, 2011, this Court consolidated Brandner's case with Case No. 11-011, filed by John and Jennifer O'Neil.[7]

---

[2] R. Doc. 93.

[3] R. Doc. 52 at ¶14.

[4] *Id.* at ¶17.

[5] *Id.* at ¶17(a).

[6] *Id.*

[7] R. Doc. 29.

Brandner seeks to sue on behalf of herself and a class of similarly situated plaintiffs defined as:

> All persons in Louisiana who purchased Similac® products bearing the recall lot numbers as stated on Exhibit "A" attached hereto, during the Similac® Recall Purchase Period. The "Similac® Recall Purchase Period" means the period of time commencing on or about September 22, 2010. Excluded from Class are any directors, officers or employees of Defendants, members of their immediate families, and any director, officer or employee of any entity in which Defendants have a controlling interest, and legal representatives, heirs, successors, or assigns of any such persons.[8]

Brandner seeks "injunctive relief prohibiting Defendants from selling contaminated Similac infant formula in the future, and requiring the Defendants to put in place sufficient precautions such that its Similac infant formula is not contaminated in the future."[9]  Brandner also seeks monetary damages under the LPLA and the Louisiana Civil Code articles on redhibition.  Abbott now moves for judgment on the pleadings with respect to the claim for injunctive relief.

## II.    STANDARD

Judgment on the pleadings is appropriate if the matter can be adjudicated by deciding questions of law rather than factual disputes.  *Brittan Comms. Intern. Corp. v. Sw. Bell Tel. Co.*, 313

---

[8]    R. Doc. 52 at ¶20.

[9]    *Id.* at ¶27.

3

F.3d 899, 904 (5th Cir. 2002). As it does when deciding a motion to dismiss under Rule 12(b)(6), the Court must consider the facts in a light most favorable to the non-moving party and will accept as true the plausible factual allegations in the non-moving party's pleadings. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008); *see generally* 5C Wright & Miller, Fed. Prac. & Proc. Civ. § 1368 (3d ed.). In deciding this motion, the Court will look only to the pleadings. *Brittan Comms.*, 313 F.3d at 904.

### III.   DISCUSSION

#### A. Standing

Abbott contends that Brandner lacks standing to assert a claim for injunctive relief because she cannot show a likelihood that she faces immediate future harm.[10] Abbott also argues that the scope of Brandner's requested injunction is vague, overbroad, and unworkable. In response, Brandner argues that she has standing to represent a class of future purchasers because "she could conceivably become pregnant again."[11] If she were to become pregnant, she further contends, she "would benefit from the injunctive relief sought concerning Abbott's sales and

---

[10]   R. Doc. 121 at 2.

[11]   R. Doc. 118 at 4.

business practices involving its manufacture and sale of Similac infant formula."[12]

Standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *see also Cadle Co. v. Neubauer*, 562 F.3d 369, 371 (5th Cir. 2009). First, the plaintiff must have an "injury in fact," which is an invasion of a legally protected interest that is "concrete and particularized" and "actual or imminent." *Id.* A conjectural or hypothetical injury will not suffice. Second, the plaintiff must establish a causal connection between the injury and a defendant's conduct. "[T]he injury has to be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court." *Id.* (quoting *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976))(internal punctuation omitted)). Third, the plaintiff must demonstrate a likelihood--not merely a speculation or conjecture--that the injury will be redressed if it prevails in the action. *Id.* at 561. "For injunctions, an additional inquiry is required, namely that Plaintiffs show that they are likely to suffer future injury by the defendant and that the sought-after relief will prevent that future injury." *James v. City of Dallas, Tex.*, 254 F.3d 551, 563 (5th Cir. 2001).

---

[12] *Id.*

Importantly, "if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)(citing cases).

The Court finds that Brandner lacks standing to pursue injunctive relief on behalf of future purchasers of Abbott's product.  Although Brandner now asserts that she "could conceivably become pregnant again, and thus would benefit from the injunctive relief sought,"[13] this argument fails for several reasons.  First, Brandner did not make this assertion in the complaint.  Indeed, the Court notes that Brandner has now had two opportunities to amend her complaint and did not allege the possibility of another pregnancy until she filed her responsive memorandum on this issue.  Second, even if the Court accepted Brandner's contention that she could *conceivably* become pregnant again, this allegation is far too speculative to give Brandner standing to assert a claim for injunctive relief.  *See Smith v. Chrysler Fin. Co., L.L.C.*, No. Civ.A.00-CV-6003 DMC, 2004 WL 3201002, at *4 (D.N.J. Dec. 30, 2004)("The injury which Plaintiffs allege, that they may want to buy another Chrysler in the future and may be discriminated against by Defendant, is simply too speculative, especially in light of the fact that

---

[13]    R. Doc. 118 at 4.

Defendant may not ever be involved in the financing of Plaintiffs' hypothetical future Chrysler purchases."); *Dallas Gay Alliance v. Dallas Cty. Hosp. Dist.*, 719 F. Supp. 1380, 1386 n.9 (N.D. Tex. 1989)(citing *Preiser v. Newkirk*, 422 U.S. 395, 403 (1975))("Plaintiffs' hypothetical or conjectural belief of threatened injury is insufficient to invoke the Court's jurisdiction."). Brandner does not allege an intention to purchase Similac in the future, and simply because it is conceivable that she could become pregnant again, which might occasion another purchase of Similac, is too speculative a predicate for standing.

Third, the only harm Brandner alleges in the complaint is the past harm she suffered when she learned that her child had ingested the allegedly contaminated Similac. Complaints of past harm do not sufficiently allege the likelihood of the immediate threat of future harm. *See Plumley v. Landmark Chevrolet, Inc.*, 122 F.3d 308, 312 (5th Cir. 1997)(plaintiff relying on a past wrong cannot show a real or immediate threat that he will be wronged again); *see also Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1265 (11th Cir. 2001)(citing cases)(no standing to challenge the University of Georgia's admission process when there is no evidence that plaintiff will reapply because "to have standing to obtain forward-looking relief, a plaintiff must show a sufficient likelihood that he will be

affected by the allegedly unlawful conduct in the future"). *Compare James*, 254 F.3d at 564 (plaintiff had standing to sue the City for injunctive relief because "[t]he continued threat of collection actions or foreclosures by the City based on the unpaid debt . . . suffices to demonstrate the likelihood of real and immediate future injury").

Finally, assuming Brandner actually did become pregnant again, the Court finds it implausible that Brandner would purchase Similac again after she allegedly experienced severe emotional distress on learning that her child ingested contaminated Similac. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1960 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))(legally sufficient complaint must state a claim that is "plausible on its face").  For the foregoing reasons, Brandner lacks standing to pursue the claim for injunctive relief.  This finding disposes not only of Brandner's claim, but also the class claim for injunctive relief.  *See James*, 254 F.3d at 563 (at least one named plaintiff must have standing to seek injunctive relief on class claims).

**B.   Requested Amendment**

Seeking to cure the defects in the complaint for the injunctive claims, Brandner asks for leave to amend the class definition "to include only future consumers of Similac

products."[14]  Leave to amend a complaint is freely given "when justice so requires."  Fed. R. Civ. P. Rule 15(a)(2); *see also High Tech Comm's v. Panasonic Co.*, No. 94-1477, 1995 WL 65133, at *1 (E.D. La. Feb. 15, 1995).  In exercising its discretion to grant or deny leave to amend, the Court may consider whether the party seeking leave is doing so after undue delay, in bad faith, or for a dilatory motive.  *See Jamieson By and Through Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985).  "It is within the district court's discretion to deny a motion to amend if it is futile."  *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000).  Futility means "that the amended complaint would fail to state a claim upon which relief could be granted."  *Id.*  To determine futility, the court "appl[ies] the same standard of legal sufficiency as applies under Rule 12(b)(6)."  *Id.*

Even if the Court allowed such an amendment, Brandner's proposed class definition would nevertheless fail.  First, for the foregoing reasons, Brandner does not have standing to assert a claim on behalf of future purchasers.  Second, even if Brandner had standing to assert a claim for injunctive relief, the amendment Brandner advances would result in a fatally amorphous class definition.  A proposed class limited to future purchasers is not "clearly ascertainable."  *See DeBremaecker v. Short*, 433

---

[14]   R. Doc. 118 at 3.

F.2d 733, 734 (5th Cir. 1970); *see also Simon v. Am. Tel. & Tel. Corp.*, No. 99-11641 RSWL, 2001 WL 34135273, at *3 (C.D. Cal. Jan. 26, 2001)(proposed injunctive class including future purchasers not ascertainable because by "its very nature, a class definition that includes members not presently aggrieved is imprecise"). Moreover, because the membership would constantly change depending on who purchased Similac, at no point could the class become ascertainable. *See Zapka v. Coca-Cola Co.*, No. 99 CV 8238, 2000 WL 1644539, at *3 (N.D. Ill. Oct. 27, 2000)(in a future purchaser class, at "no time during the litigation would the exact membership of the class be ascertainable, resulting in an insufficiently defined class"). *See also Rappaport v. Katz*, 62 F.R.D. 512, 514 (S.D.N.Y. 1974)(class of all persons who wish and are legally entitled to be married was "an amorphous, imprecise group which is neither distinguishable nor definable" and "subject to change from day to day"). Because the Court cannot determine who would be in this proposed class, or the size of the class, the Court finds that it is not maintainable. *See Eisman v. Pan Am. World Airlines*, 336 F. Supp. 543, 547 (E.D. Pa. 1971)(class of future purchasers of airline tickets was "not capable of definite identification" because it was impossible for the court "to determine who or how many plaintiffs would fall within this amorphous class").

Finally, the proposed amendment does not alter the fatally overbroad and vague nature of the injunctive relief Brandner seeks. Brandner asks for an injunction prohibiting Abbott from selling contaminated Similac in the future and requiring Abbott to establish "sufficient precautions such that its Similac infant formula is not contaminated in the future."[15] "[T]he scope of injunctive relief is dictated by the extent of the violation established, and an injunction must be narrowly tailored to remedy the specific action necessitating the injunction." *Fiber Sys. Int'l., Inc. v. Roehrs*, 470 F.3d 1150, 1159 (5th. Cir. 2006)(internal quotations omitted). Federal Rule of Civil Procedure 65(d) requires specificity in framing injunctions "so that those enjoined will know what conduct the court has prohibited." *Meyer v. Brown & Root Constr. Co.*, 661 F.2d 369, 373 (5th Cir. 1981). The parties must "be able 'to interpret the injunction from the four corners of the order' as required by Rule 65(d).'" *Seattle-First Nat. Bank v. Manges*, 900 F.2d 795, 800 (5th. Cir. 1990)(citing *Fed. Trade Comm'n v. Sw. Sunsites, Inc.*, 665 F.2d 711, 724 (5th Cir. 1982)). Here, in requiring Abbott to take "sufficient precautions" against manufacturing "contaminated" infant formula, the requested injunction fails to inform Abbott what actions are required and "what specific actions are prohibited." *Islander East Rental Program v.*

---

[15]   R. Doc. 52 at ¶27.

*Barfield*, 145 F.3d 359, at *5 (5th. Cir. 1998)(sections of an injunction prohibiting plaintiffs from "interfering in any way" were overbroad and subjected plaintiffs "to possible liability for exercising legal rights"). *See also McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 283-84 (5th. Cir. 2008)(order to "cease and desist all racially biased assignment and promotion practices" and "create and implement a program to ensure that black employees receive an equitable proportion of promotions" and "take all necessary steps to remedy the effects of past discrimination" failed to give defendants notice of proscribed and required conduct). In addition, the vagueness of the term "sufficient" places an unfair burden of interpretation on Abbott. *See Doe v. Veneman*, 380 F.3d 807, 819-20 (5th Cir. 2004) (requested injunction that contained the term "reasonable detail" was too vague and placed impermissible burden on defendants to determine what "reasonable" encompassed). Because the injunction Brandner requests affords no guidance, instruction, or notice to Abbott, the Court finds that it does not meet the requirements of Rule 65.

Accordingly, the Court declines to grant leave to allow Brandner to amend the class definition.

**IV.     CONCLUSION**

For the foregoing reasons, the Court DENIES Brandner's request to amend the injunctive class definition.  The Court GRANTS Abbott's motion for judgment on the pleadings on the issue of injunctive relief.

New Orleans, Louisiana, this <u>5th</u> day of January, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE